# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 23, 2022

Lyle W. Cayce
Clerk

No. 21-50801
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Ricardo Morales,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:19-CR-2817-2

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:*

Ricardo Morales appeals the 16-month sentence imposed following the revocation of his supervised release, which was in excess of the advisory policy range set forth in U.S.S.G. § 7B1.4(a) of four to ten months.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50801

Morales challenges the substantive reasonableness of that sentence, arguing that the district court gave significant weight to irrelevant factors based on his personal history and characteristics, the need to deter future criminal conduct, and the need to protect the public. *See* 18 U.S.C. § 3553(a)(1), (2)(B), (C). Morales's preserved objection to the sentence's substantive reasonableness is reviewed for an abuse of discretion, examining the totality of the circumstances. *See United States v. Warren*, 720 F.3d 321, 326, 332 (5th Cir. 2013).

Morales's revocation sentence, although in excess of the advisory policy range, was within the statutory maximum term of imprisonment allowed for the revocation sentence and is thus the type of sentence we routinely uphold. *See Warren*, 720 F.3d at 328. Moreover, Morales has failed to point specifically to a clear error by the district court in affording significant weight to irrelevant factors; his contention that a sentence within the advisory policy range was sufficient to meet the sentencing goals of § 3553(a) is nothing more than a disagreement with the district court's choice of sentence, coupled with a request that we reweigh the § 3553(a) factors, which we may not do. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Heard*, 709 F.3d 413, 435 (5th Cir. 2013). He therefore has not shown that his sentence was an abuse of discretion. *See Warren*, 720 F.3d at 332.

AFFIRMED.